UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Cause No. 1:08-CR-37 |
| | ) | |
| JONATHAN N. DILLEY | ) | |
| | ) | |
| Defendant. | ) | |

**OPINION AND ORDER**

On June 27, 2008, the undersigned granted the Government's Motion for Psychiatric Exam and ordered the Defendant to undergo a pretrial psychiatric examination to determine "whether he is presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense and whether he was suffering from any mental disease or defect affecting his sanity at the time of the offense conduct."  Order at ¶1.   The Court is presently in receipt of an email from Clinical Psychologist, Jason Dana ("Dr. Dana") from the Federal Bureau of Prisons in Chicago, Illinois, wherein he requests clarification of that Order, specifically, he requests clarification as to whether he is required to evaluate the Defendant's competency pursuant to 18 U.S.C. §4241 and §4247, whether he is required to evaluate the Defendant's sanity at the time of the offense pursuant to 18 U.S.C. §4242 or whether he is required to do both.  Dr. Dana's confusion arises from the statutory references in the Court's Order which reference only 18 U.S.C.

§§4241 (competency to stand trial)[1] and 4247[2] but not §4242[3] (existence of insanity at the time of the offense).  In seeming conflict, the Order contains express language which provides that the defendant should be examined as to his sanity at the time of the offense.

Upon receiving the email communication, the Court forwarded the same to defendant's stand-by counsel (the defendant has invoked his right to self-representation) as well as to counsel for the Government.  On August 5, 2008, the Court held a hearing with Government counsel, the Defendant, appearing telephonically on his own behalf, Defendant's stand-by counsel, and Dr. Dana wherein the Court discussed the intent of the June 27, 2008 Order.

After discussion at the hearing, the Court now CLARIFIES its prior Order and FINDS reasonable cause to believe that Dilley "may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense" pursuant to 18 U.S.C. § 4241(a). In addition, the court directs the defendant to undergo an assessment as to whether he suffered from any mental disease or defect affecting his sanity at the time of the offense conduct

---

[1]Title 18 U.S.C. §4241(a), provides that the Court shall order a hearing regarding a defendant's competency to stand trial "if there is reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense."

[2]Pursuant to 18 U.S.C. § 4247(c), the report of examination shall include:(1) the person's history and present symptoms; (2) a description of the psychiatric, psychological, and medical tests that were employed and their results; (3) the examiner's findings; and (4) the examiner's opinions as to diagnosis, prognosis, and-(A) ... whether the person is suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense.

[3]The allowable time line for the evaluation differs depending upon the statutory authority for the exam.  See 18 U.S.C. §4247(b) (providing for commitment of defendant for exam under §4241 for a period not to exceed 30 days; providing for commitment of defendant under §4242 for a period not to exceed 45 days).

pursuant to 18 U.S.C. §4242.

In addition to the above two examinations, the Supreme Court has held in its recent opinion in *Indiana v. Edwards*, --- U.S. ----, 128 S.Ct. 2379, 2387, --- L.Ed.2d ---- (2008), that a court may limit the defendant's right of self-representation if he is not competent to conduct trial proceedings himself. Indeed, the Court wrote, "insofar as a defendant's lack of capacity threatens an improper conviction ..., self-representation in that exceptional context undercuts the most basic of the Constitution's criminal law objectives, providing a fair trial." *Id.*

In this case as indicated above, Dilley has invoked his right to self-representation. Yet, this court has found reasonable cause to believe that the defendant may be suffering from mental disease or defect so as to justify his pretrial psychological examination. Because it may be relevant to the fairness of the proceedings, the defendant shall also undergo an examination to determine not only whether he is competent to assist in his own defense but whether he is competent to conduct trial proceedings without the benefit of counsel's representation.

The Court therefore REMANDS Dilley to the custody of the United States Marshals Service and DIRECTS a psychiatric and/or psychological examination of Dilley be conducted by a licensed or certified psychiatrist or psychologist at an institution to be designated by the Attorney General or his representative to determine whether:

(1) he may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense" pursuant to 18 U.S.C. § 4241(a).

(2) he suffered from any mental disease or defect affecting his sanity at the time of the offense conduct pursuant to 18 U.S.C. §4242; and

(3) he may presently be suffering from a mental disease or defect rendering him incompetent to conduct trial proceedings without counsel's representation,

3

With respect to the first and third determinations above, the examination shall be completed within 30 days, unless an extension of time is granted by the Court pursuant to 18 U.S.C. § 4247(b) ("The director of the facility may apply for a reasonable extension, but not to exceed fifteen days under section 4241 ..., upon a showing of good cause that the additional time is necessary to observe and evaluate the defendant").

With respect to the second determination above, the examination shall be completed within 45 days, unless an extension of time is granted by the Court pursuant to 18 U.S.C. § 4247(b) ("The director of the facility may apply for a reasonable extension, but not to exceed thirty days under section 4242..., upon a showing of good cause that the additional time is necessary to observe and evaluate the defendant").[4]

A psychiatric or psychological report(s) shall be filed with this Court, pursuant to 18 U.S.C. § 4247(c), with copies to counsel and stand-by counsel.

SO ORDERED.

This 5th day of August, 2008.

s/ William C. Lee<br>United States District Court

---

[4] Dr. Dana has indicated in his email that he will be on vacation for a portion of the allowable time and also required to testify in Tennessee during the allowable time.  If Dr. Dana is unable to complete the evaluations within the time frames set forth above he should petition the court for an extension.