UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Cause No. 1:08-CR-37 |
| JONATHAN N. DILLEY | ) ) ) |
| Defendant. | ) |

## OPINION AND ORDER

Presently before the court are three motions by the Defendant, Jonathan N. Dilley. Dilley is proceeding without legal counsel and originally filed a "Motion to Dismiss Counts I, II, and III" of the Indictment [DE 26] as well as a "Motion for Bill of Particular." [DE 17]. On July 23, 2008, the Government filed a Superseding Indictment which alleges, in three counts, violations of 18 U.S.C. §514(a)(2) (Passing, Uttering, Presenting, Offering Fictitious Obligations), and, with respect to Count 1, a violation of 18 U.S.C. §2 (Aiding and Abetting). Subsequently, on August 15, 2008, Dilley filed a Motion to Dismiss the Superseding Indictment [DE 41] to which the Government responded on August 20, 2008. In the interim, the undersigned ordered Dilley into the custody of the United States Marshals Service to be evaluated pursuant to 18 U.S.C. §4241 and §4247. On October 7, 2008, the undersigned held a status hearing wherein Dilley was given 15 days to file new motions regarding the Superceding Indictment. Dilley has filed no new motions. For the following reasons, the Motion to Dismiss [DE 26] and the Motion for Bill of Particulars [DE 17] are hereby DENIED as MOOT given that they relate to the original Indictment. The Motion to Dismiss the Superseding Indictment will be DENIED.

1

**DISCUSSION**

The Superseding Indictment alleges that on three separate occasions in the Northern District of Indiana, the Defendant did, "pass, utter, present, and offer" fictitious promissory notes payable to various persons and entities through the United States Department of the Treasury, in violation of 18 U.S.C. §514(a)(2). In his motion, Dilley contends that the federal courts lack jurisdiction to prosecute his case because the alleged crimes did not occur on federal lands.[1] More specifically, he argues that the district court's original jurisdiction does not extend to any alleged criminal activity that occurs within the judicial power of the state of Indiana. (Motion at. p. 6).

This precise argument has been regarded as "patently frivolous." *See United States v. Banks-Giombetti,* 245 F.3d 949, 953 (7th Cir.2001) (holding that challenges to the territorial jurisdiction of the federal courts are frivolous); *United States v. McCalla*, 2008 WL 4330552, 5 (9th Cir. 2008) (calling the contention "wholly without merit"); *United States v. Hamilton,* 263 F.3d 645, 655 (6th Cir. 2002) (rejecting the argument that Louisville, Kentucky is outside the jurisdiction of the federal government: "This is a frivolous argument that ignores the basic principles of federalism. The fact that Kentucky has sovereignty within its boundaries does not bar the United States from having concurrent jurisdiction to indict and prosecute Hamilton for federal crimes occurring within those same boundaries."); *United States v. Mundt,* 29 F.3d 233, 237 (6th Cir.1994) (defendant's argument that he could not be prosecuted for income tax violations because he was a resident of Michigan and not of any "federal zone" was "completely without merit and patently frivolous").

Indeed, Article III of the United States Constitution gives to the federal judicial branch

---

[1] Dilley's brief also discusses and cites cases related to judicial immunity from civil liability. The Court does not find that discussion pertinent to the jurisdictional issue at hand.

2

authority-that is, subject matter jurisdiction-over all cases arising under the laws of the United States; and thanks to Congress, all federal district courts have jurisdiction over federal crimes through 18 U.S.C. § 3231 which provides that "[t]he district courts of the United States shall have original jurisdiction, exclusive of the courts of the States, of all offenses against the laws of the United States." As Judge Easterbrook succinctly observed, "[s]ubject-matter jurisdiction in every federal criminal prosecution comes from 18 U.S.C. § 3231 ... That's the beginning and the end of the 'jurisdictional' inquiry." *Hugi v. United States,* 164 F.3d 378, 380 (7th Cir.1999).

In the present case, Dilley has been charged with three violations of passing fictitious obligations, which Congress has made a federal crime pursuant to 18 U.S.C. §514. It follows then that since "Congress has provided the district courts with jurisdiction ... of 'all offenses against the laws of the United States.' " *Alikhani v. United States,* 200 F.3d 732, 734 (11th Cir.2000), where an indictment charges a defendant with violating the laws of the United States, § 3231 provides the district court with subject matter jurisdiction and empowers it to enter judgment on the indictment. *Id.* at 734-35. Accordingly, Dilley's Motion to Dismiss the Superseding Indictment is DENIED.

## CONCLUSION

Based on the foregoing, the Defendants' Motion to Dismiss the Superseding Indictment [DE 41] is DENIED. Docket entries 17 and 26 are also DENIED as MOOT.

Entered: This 7th day of November, 2008

s/ William C. Lee<br>
United States District Court