## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF INDIANA
## FORT WAYNE DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| v. | ) | Cause No. 1:08-CR-37 WCL |
| | ) | |
| **JONATHAN N. DILLEY** | ) | |

## OPINION AND ORDER

This matter is before the court on the Motion in Limine filed by the United States of America (the "government") on November 24, 2008. Docket at 53. The defendant, Jonathan Dilley ("Dilley") did not file a written response to the motion. For the reasons set forth in this Order, the motion is GRANTED.[1]

The court held a pretrial hearing in this case on December 1, 2008, during which Dilley objected to the government's motion on the grounds that it was filed after the expiration of a pretrial motion deadline. Dilley was referring to the pretrial motion deadline of October 22, 2008, a deadline the court set on October 7, 2008, when Dilley was arraigned on the charges contained in the Superceding Indictment. *See* docket at 47 and 48. However, as the court explained to Dilley, that particular deadline applied only to dispositive motions and not to motions in limine, which traditionally are filed on the eve of trial. Dilley did not object to the substantive arguments raised by the government in its motion.

In the motion, the government makes two requests. First, it moves the court to prohibit Dilley from introducing any evidence, or making any reference to, any sentence he might receive

---

[1] The court granted the government's motion in limine in an oral ruling on December 1, 2008. *See* docket at 58. However, the court informed the parties that this written Order would be entered subsequent to that oral ruling.

or any penalty that might be imposed if the jury finds him guilty of the charges. Motion in Limine, p. 1. The government argues that "[p]otential penalties are . . . irrelevant as to [the issue of] guilt and thus are inadmissible." *Id*. (citing *United States v. Warner*, 396 F.Supp.2d 924, 939 (N.D. Ill. 2005)). The government is correct that, as a general rule, a jury should not be told what penalties or what sentence a defendant might receive if he or she is found guilty. For this reason, the motion in limine is granted. The second request made by the government in its motion is to prohibit Dilley from "argu[ing] to the jury that is should disregard the law." *Id*., p. 2 (citing *Gibbs v. VanNatta*, 329 F.3d 582, 584 (7th Cir. 2003)). More specifically, the government wrote that "[i]n [Dilley's] case, the Court has previously rejected the Defendant's arguments regarding a lack of federal jurisdiction; furthermore, the Defendant should be prohibited from presenting any argument or information implying or asserting that the jury should disregard 18 U.S.C. § 514, the existence of federal jurisdiction, or any other law as instructed by the Court." *Id*. The government argues that "[i]t is appropriate to prohibit any suggestion or invitation to the jury regarding the possibility of jury nullification." *Id*. (citing *United States v. Anderson*, 716 F.2d 446, 449-50 (7th Cir. 1983); *United States v. Brown*, 548 F.2d 204, 210 (7th Cir. 1977); and Seventh Circuit Pattern Jury Instructions, 1.01).

The government is correct in its argument that Dilley should be prohibited from arguing to the jury that it should ignore the law as instructed by the court. The government is also correct that this court previously has rejected Dilley's argument that the court lacks jurisdiction over him or this case, or that the laws under which he was charged are otherwise invalid or inapplicable. *See* Opinion and Order, docket at 51.

For these reasons, the court grants the government's motion in limine.  The defendant, Jonathan Dilley, is hereby prohibited from mentioning or otherwise eliciting testimony regarding, either directly or indirectly, the potential penalties, statutory maximum, or sentencing range that could be imposed upon him if he is convicted in this case.  Dilley is further prohibited from making any request or implication that the jury should ignore or disregard the law as instructed by the court.

## CONCLUSION

For the reasons set forth herein, the Motion in Limine filed by the United States of America on November 24, 2008, docket entry 53, is GRANTED.


Entered: December 3, 2008.


   /s/   William C. Lee
William C. Lee, Judge
United States District Court
Northern District of Indiana