UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Cause No. 1:08-CR-37 |
| JONATHAN N. DILLEY | ) ) ) | |
| Defendant. | ) | |

## **OPINION AND ORDER**

Presently before the court are various filings by the Defendant, Jonathan N. Dilley including: "Notice of Motion for Variance to Discharge Supervised Release Via Variation by Agreement," [DE 87] filed on August 15, 2011; "Notice of Motion for Hearing in Chambers or in Courtroom in Support of Notice of Motion for Variance to Discharge Supervised Release Via Variation by Agreement," [DE 88] filed on August 18, 2011; a "Communique for Further Consideration of Parlance," [DE 108] filed on October 7, 2011; and a "Notice of Correction to the Communique for Further Consideration of Parlance," [DE 110] filed on October 12, 2011. Dilley is proceeding without legal counsel as he did throughout the prosecution of this case. Although some of the aforementioned documents are riddled with run-on gobbledygook and citations to United Nations treaties, the Vienna Convention, and an International Covenant on Civil and Political Rights, it appears that Dilley is seeking relief in the form of termination of his supervised release and/or modification of the conditions of supervised release. For the following reasons, his "motions" are DENIED.

Dilley was convicted of three counts of passing fictitious obligations and sentenced to 45

1

months imprisonment to be followed by 3 years of supervised release. Dilley was released from imprisonment on August 4, 2011. On September 14, 2011, the United States Probation Office petitioned the Court to revoke Dilley's supervised release based upon his non-compliance with various conditions of supervision. On October 3, 2011, the undersigned held a revocation hearing and determined that Dilley did, in fact, violate the conditions of supervised release as alleged. Dilley was ordered to comply with his conditions of supervised release and the matter of the sentence to be imposed was taken under advisement until a further status conference on November 21, 2011. As of today's date, Dilley continues to refuse to comply with the mandatory drug testing condition or submit to a mental health evaluation. In his motions, Dilley seeks termination of his supervised release. In his later filings, he seeks to be relieved of the mandatory drug testing condition.

Supervised release is authorized and governed by 18 U.S.C. §3583. Pursuant to §3583(e), early termination of supervised release is authorized if three conditions are met: (1) the defendant has served at least one year of supervision; (2) the government is given notice and an opportunity to be heard; and (3) termination is in the interest of justice based on the pertinent § 3553(a) factors and the defendant's conduct. In this case, Dilley has not served at least one year of supervision and thus, he is not eligible for early termination of his supervised release.

Alternatively, Dilley seeks modification of his conditions of supervised release so as to eliminate the mandatory drug testing requirement. Title 18 U.S.C. §3583 (d) provides that the court, in imposing a term of supervised release "shall ... order, as an explicit condition of supervised release, that the defendant refrain from any unlawful use of a controlled substance and submit to a drug test within 15 days of release on supervised release and at least 2 periodic drug tests thereafter."

*Id.* However, this condition "may" be suspended by the court pursuant to the terms of 18 U.S.C. §3563(a)(5). That provision permits suspension of the drug testing requirement if "the defendant's presentence report or other reliable sentencing information indicates a low risk of future substance abuse by the defendant." *Id.*

The mandatory drug testing requirement was added as part of Dilley conditions of supervised release due, in part, to Dilley's prior marijuana possession and possession of paraphernalia convictions, detailed in the presentence investigation report. In addition, Dilley refused to provide information in the presentence investigation report as to his substance abuse history. Given Dilley's refusal to cooperate with the presentence investigation process and his prior drug convictions, the court has no reliable sentencing information to indicate a low risk of future substance abuse. Accordingly, Dilley's request to modify his supervised release conditions is DENIED.

## **CONCLUSION**

Based on the foregoing, Dilley's motions [DE 87] and his request for hearing [DE 88] are DENIED.

Entered: This 21st day of October, 2011.

s/ William C. Lee
United States District Court